IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## TRAVIS PLUMMER v. STATE OF TENNESSEE

**Criminal Court for Davidson County**
**No. 96-B-1056; 96-C-1281    Seth Norman, Judge**

---

**No. M2008-00110-CCA-R3-CO - Filed September 11, 2008**

---

The Appellant appeals the trial court's dismissal of his petition for a writ of error coram nobis and his motion to reopen post-conviction petition. The trial court properly concluded that the Appellant cannot prevail on the claims asserted in the two pleadings. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and THOMAS T. WOODALL, J.J., joined.

Travis Plummer, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Lacy Wilber, Assistant Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In two separate cases in 1997, the Appellant pled guilty to one count of rape and was found guilty by a jury on another count of rape of a child. The Appellant received consecutive sentences of twelve and twenty years respectively. The Appellant subsequently filed a petition for post-conviction relief alleging ineffective assistance of counsel because counsel failed to investigate and evaluate Appellant's competency to stand trial and enter the guilty plea. This Court ultimately affirmed the trial court's denial of post-conviction relief. Travis Plummer v. State, No. M1999-01406-CCA-R3-PC, 2000 WL 1606589 (Tenn. Crim. App., Oct. 27, 2000), perm. to app. denied, (Tenn., Apr. 9, 2001). On October 26, 2007, the Appellant filed a petition for a writ of error coram nobis and a motion to reopen his post-conviction petition. The Appellant again claimed ineffective assistance of counsel because he was not given a psychiatric evaluation prior to his trial or plea hearing. The trial court denied relief on both pleadings.

The State has filed a motion to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Court finds this motion to be well-taken. A petition seeking a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case." Tenn. Code Ann. § 40-26-105(b). Furthermore, the petition "will [only] lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment." Id. A trial court is not required to hold a hearing on the petition. See Richard Hale Austin v. State, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332 (Tenn. Crim. App., Dec. 13, 2006). In the instant case, the trial court properly concluded that the Appellant's claim did not relate to newly discovered evidence. In addition, this Court observes that the Appellant's error coram nobis petition was not timely filed. A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court. State v. Mixon, 983 S.W.2d 661, 669-70 (Tenn. 1999). The petition in this case was filed more than ten years after the judgments became final.

To the extent the Appellant seeks review of that portion of the trial court's order denying his motion to reopen his post-conviction petition, the Appellant failed to properly invoke this Court's jurisdiction. Tennessee Code Annotated section 40-30-117(a) provides that a motion to reopen a prior post-conviction petition may be filed in the trial court if certain limited circumstances warrant relief. "If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal." Tenn. Code Ann. § 40-30-117(c); see also Tenn. Sup. Ct. R. 28, §10(B). The application must contain copies of all documents filed by both parties in the trial court as well as the order denying the motion. Id. The Appellant did not timely file an application for permission to appeal to this Court as required by statute, but, instead, filed a notice of appeal in the trial court, pursuant to Rule of Appellate Procedure 3. The trial court's order was filed on December 5, 2007. The Appellant, however, did not file notice of appeal until December 26, 2007, at the earliest. In order to obtain appellate review of the trial court's order denying a motion to reopen, an appellant must comply with the statutory requirements noted above. The Rules of Appellate Procedure do not provide for an appeal as of right in this type of case. See Tenn. R. App. P. 3(b).

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

2